IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE LEWIS BREWER, 1570551, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-1467-L |
| | ) | |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

I.  Procedural Background

Petitioner was convicted of unlawful possession with intent to deliver, enhanced, and was

sentenced to life in prison. *State of Texas v. Freddie L. Brewer*, No. F-0752145-P (203rd Dist.

Ct., Dallas County, Tex., Nov. 19, 2008). On March 31, 2011, the Fifth District Court of

Appeals affirmed the conviction and sentence. *Brewer v. State*, No. 05-08-01653-CR, 2011 WL

1169243 (Tex. App. – Dallas 2011, pet. ref'd). On September 14, 2011, the Court of Criminal

Appeals refused Petitioner's  petition for discretionary review.  PDR No. 1060-11.

On April 5, 2011, Petitioner filed a state petition for writ of habeas corpus. *Ex parte

Brewer*, No. 11,202-15.  On January 11, 2012, the Court of Criminal Appeals dismissed the

petition because Petitioner's direct appeal was still pending.  On September 25, 2012, Petitioner

filed a second state habeas petition. *Ex parte Brewer*, No. 11,202-16. On July 10, 2013, the

Court of Criminal Appeals denied the petition without written order on the findings of the trial

court.

On April 8, 2013, Petitioner filed this petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254. He argues:

(1)     The state courts lacked jurisdiction;

(2)     He was denied the right to a speedy trial;

(3)     The evidence was insufficient to support the conviction;

(4)     His right to confrontation was violated;

(5)     He was denied "fundamental fairness" at trial;

(6)     He received ineffective assistance of counsel; and

(7)     His waiver of counsel became invalid due to the trial court's untimely order

granting him *pro se* status.

On November 14, 2013, Respondent filed his answer. On December 5, 2013, Petitioner

filed his reply. The Court now determines the petition should be denied.

## II.  Factual Background

The following factual background is taken from the opinion of the Fifth District Court of

Appeals.

On May 9, 2007, officer Michael Arnold was working at his second job providing
security at Dallas Auto Auction. When Arnold arrived at the auction, a man approached
him and told him another man was selling crack cocaine to some of the drivers. The
informant gave Arnold a description of the man selling cocaine, who wore a black glove
on his right hand; described his car as a tan Saturn station wagon; and said the man would
be selling cocaine between 1:30 and 2:30 in the afternoon. Arnold relayed this
information to officers Martin and Sanchez, who were also working security. That
afternoon, [Petitioner] arrived at the auction at the time the informant stated, and Martin

observed [Petitioner] selling what appeared to be crack cocaine. Arnold and Sanchez approached [Petitioner] and detained him. [Petitioner] was "resisting," and he would not open his left hand. [Petitioner] wore a black glove on his right hand. Arnold and Sanchez forced open [Petitioner's] hand and found a plastic case containing what they believed was crack cocaine. The officers arrested [Petitioner], and he was subsequently charged with possession of four grams but less than 200 grams with intent to deliver.

At trial, [Petitioner] elected to represent himself. The trial court conducted a pretrial hearing at which [Petitioner] was warned of the dangers and disadvantages of representing himself. The trial court established [Petitioner] was an articulate high school graduate with experience doing legal research and writing as a "TDC writ writer." The trial court made [Petitioner] aware of the fact that there were technical rules of evidence and procedures that he had to follow, and he would not be granted any special consideration solely because he asserted the right to represent himself. The trial court appointed a defense lawyer to sit in on the trial and assist [Petitioner] if he needed help. A few days after the hearing, prior to voir dire, the trial court again verified that [Petitioner] wanted to represent himself and was making the decision freely and voluntarily.

. . . During the State's case in chief, Monica Lopez, supervisor of the drug laboratory at the Southwestern Institute of Forensic Sciences, testified the evidence tested contained cocaine in an amount of 3.8 grams which was ninety-four percent of the total weight of 4.05 grams. Lopez testified the total weight of the cocaine including adulterants or dilutants was at least four grams or more but less than 200 grams.

[Petitioner] stated he had "a problem with the weight" and pointed out that the entire sealed evidence bag "should weigh 39.5 tenths," but "when it got to the lab, it weighed 39 grams." [Petitioner] asked Lopez to account for the fact that the sealed evidence bag weighed 39 grams "in one set of forms" and weighed 39.5 grams on the form sent by the police department. Lopez testified she used a reporting conversion where she truncated anything after the decimal place. Thus, she reported the weight as 39 grams even though it actually weighed 39.8 grams. [Petitioner] made a motion to reweigh the evidence, which the trial court denied.

Dallas police detective Kurt Carroll examined the 39-gram sealed evidence bag and confirmed it appeared to contain crack cocaine broken up into different sized rocks. Carroll testified someone selling crack rocks would cut up the rocks into different sizes to "lower overhead." Carroll testified he made undercover purchases and would expect to pay about $100 for a "big rock" and $10 or $20 for the smallest rocks in the evidence bag. A typical single dose of crack consisted of "around a tenth of a gram" and sold for approximately $10. The State had previously established that [Petitioner] was in possession of two $100 bills, nine $20 bills, nine $10 bills, and five $5 bills, for a total of $495. Carroll testified that, if he observed someone engaging in what appeared to be hand-to-hand drug transactions and subsequently found crack and the denominations of

money [Petitioner] possessed, he would conclude the person "definitely possessed it with intent to deliver."  The jury subsequently convicted [Petitioner] of possession with intent to deliver cocaine in an amount of four or more but less than 200 grams. . . .

*Brewer*, 2011 WL 1169243, *1-2.

## III.  Discussion

### 1.      Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>    (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently

from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v.*

*Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal

court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that

principle to the facts of the prisoner's case.  *Id.*

2.      **Procedural Bar**

Petitioner claims:  (1) he was denied the right to a speedy trial; (2) he was denied the right to "fundamental fairness" because the court did not provide him time to present pre-trial motions; and (3) his waiver of counsel was invalid because the trial court did not timely grant him *pro se* status.  Respondent argues these claims are procedurally barred because the state habeas court found the claims procedurally defaulted.

When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review.  *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).  In this case, the state court expressly found the claims procedurally barred.  *Ex parte Brewer*, No. 11,202-16 at 68-75.

To overcome the procedural bar, a petitioner must  demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a "fundamental miscarriage of justice."  *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000).  Petitioner has stated no cause for failing to raise these claims.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice.  This exception is "confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).  To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of

the new evidence.  *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Petitioner has

presented no new, reliable evidence showing that it was more likely than not that no reasonable

juror would have convicted him.  Petitioner has not overcome the state procedural bar.

Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

**3.      Jurisdiction**

Petitioner argues the state courts lacked jurisdiction over his case because the case was

transferred from one trial court to another without a transfer order.

Under Texas law, the absence of a transfer order is a procedural defect rather than a

jurisdictional defect.  *Evans v. State*, 61 S.W.3d 688, 690 (Tex. App. – Fort Worth 2001, no pet.).

Further, unless a defendant raises a timely objection in the trial court, he waives his right to

complain about the transferee court's jurisdiction.  *Id*. at 690-91 (citing *Sharkey v. State*, 994

S.W.2d 417, 419 (Tex. App. – Texarkana 1999, no pet.)); *Mills v. State*, 742 S.W.2d 831, 835

(Tex. App. – Dallas 1987, no pet.).  Petitioner did not raise this claim prior to jury selection.

(Trial Tr. Vol. 2 at 119-20).  The state court therefore found the claim was waived.  *Ex parte

Brewer*, No. 11,202-16 at 72-73.  Petitioner has failed to establish the state courts lacked

jurisdiction.

Further, "habeas corpus is available only for the vindication of rights existing under

federal law; not rights existing solely under the rules of state procedure."  *Manning v. Warden,

Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir.1986) (quoting *Nelson v. Estelle*, 642

F.2d 903, 905-06 (5th Cir. 1981)).  When a petitioner complains that a state procedural rule was

violated, a federal habeas court must determine "whether there has been a constitutional

infraction of defendant's due process rights which would render the trial as a whole

'fundamentally unfair.'" *Manning*, 786 F.2d at 711-712 (quoting *Nelson*, 642 F.2d at 906).

To show that a trial was fundamentally unfair because of the lack of a transfer order, the petitioner must show he was prejudiced by the lack of the order. *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988). Petitioner has failed to show any prejudice and has failed to raise a federal claim.

**4.     Sufficiency of the Evidence**

Petitioner argues the evidence was insufficient to convict him because the state failed to prove the weight of the cocaine without the adulterants or dilutants.

Federal habeas review of an insufficiency of the evidence claim is extremely limited. A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. 319; *Gibson*, 947 F.2d at 781.

Petitioner was convicted of possession of cocaine with intent to deliver. Under Texas law, the offense is committed if a person knowingly "possesses with intent to deliver a controlled substance listed in Penalty Group 1." Tex. Health & Safety Code 481.112(a), (d); 481.102(3)(D) (West 2007) (listing cocaine as a controlled substance in Penalty Group 1). The offense is classified as a first degree felony "if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams." *Id*. Petitioner's claim that the weight of the cocaine must be determine without adulterants or dilutants is without merit. His sufficiency of the evidence claims should

be denied.

**5.     Right to Confrontation**

Petitioner claims he was denied the right to confrontation when the trial judge denied him

access to the internal affairs files of the police officers who testified against him.   Under the

Sixth Amendment, a criminal defendant "shall enjoy the right . . . to be confronted with the

witnesses against him."   U.S. CONST. amend. VI.   The relevant inquiry is whether the jury had

sufficient information to appraise the bias and motives of the witness.   *Smith v. Collins*, 964 F.2d

483, 486 (5th Cir. 1992).   The trial court, however, retains wide discretion to impose reasonable

limits on cross-examination.   *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

In this case, both the trial court and appellate court reviewed the officers' internal affairs

files *in camera*.   The appellate court stated:

> The record shows the trial court reviewed the internal affairs records at issue and
> concluded there was nothing in the records "relevant to anything in this case that would
> entitle [Petitioner] to receive these IAD records."   We have reviewed the sealed records,
> and we agree there is nothing in the records of any "impeachment value relevant to this
> case."

*Brewer*, 2011 WL 1169243, *10.

Petitioner was given the opportunity to cross-examine the officers at trial and expose any

bias.   He has failed to raise any evidence showing that the officers' internal affairs records

contained evidence relevant to his case.   Petitioner's claim should be denied.

**6.     Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1)

counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so

gravely as to deprive Petitioner of a fair trial.   *Strickland v. Washington*, 466 U.S. 668, 687

(1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims he received ineffective assistance of counsel during pre-trial proceedings.  He claims his attorneys should have filed a motion for examining trial, motion for speedy trial, motion to dismiss or reduce bail and motion to suppress and should have supported his *pro se* motions.

On state habeas review, the court stated:

> [Petitioner] was arrested on May 9, 2007.  The case was filed by the police department with the District Attorney's Office on May 15, 2007.  On May 28, 2007, [Petitioner] signed a document purporting to be a waiver of counsel.  *See* Exhibit 4 to State's Response.  Therein, [Petitioner] admits that he mailed his own request for an examining trial.  [Petitioner] was indicted on June 25, 2007.  The indictment established, as a matter of law, that there was probable cause to believe [Petitioner] committed the offense charged.  The need for an examining trial was rendered moot.

> The Dallas County computer indicates that Michael Todd was appointed to represent [Petitioner] on or about May 11, 2007.  However, his name is not indicated on the docket sheet under the "Attorneys" heading.  Todd did not file any motions, or any other documents in the case. . . .  It does not appear to the Court that Michael Todd was

notified of his appointment to this case nor did he make any appearance on this case.

> The computer indicates that Calvin Johnson was hired to represent [Petitioner] on or about July 19, 2007.  However, the docket sheet indicates that he was appointed on December 7, 2007. . . . Johnson filed several motions on [Petitioner's] behalf.  Subsequently, Roger Lenox was appointed on or about March 3, 2008.  Lenox filed motions in this case.  Even if Michael Todd was aware of his appointment and did not request an examining trial prior to indictment, the purposes of an examining trial were satisfied by the indictment and [Petitioner] was not harmed by trial counsel's alleged failure to obtain an examining trial.

*Ex parte Brewer*, No. 11,202-16 at 73-74.

The record shows that attorney Johnson filed a motion to suppress and that attorney Lenox filed a motion for appointment of an investigator, motion for discovery and motion to suppress.  (Court Record at 37-38, 50-51, 54-63, 65-66.)   As the state court found, Petitioner has failed to show he was prejudiced by the lack of an examining trial.  Further, Petitioner has failed to show that but for his counsel's failure to file a motion to dismiss or motion for a speedy trial, there is a reasonable probability the results of the proceedings would have been different.  Petitioner's claims should be denied.

**7.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

      This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

      Signed this 27th day of February, 2014.

 

 

 

                               PAUL D. STICKNEY
                               UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).