IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FREDDIE LEWIS BREWER, 1570551,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:13-CV-1467-L** |
| § | |
| **WILLIAM STEPHENS, Director**, § | |
| **Texas Dept. of Criminal Justice**, § | |
| **Correctional Institutions Division**, § | |
| § | |
| Respondent. § | |

# ORDER

Before the court is Freddie Lewis Brewer's ("Petitioner") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 (Doc. 3). The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 27, 2014, recommending that Petitioner's habeas petition be denied. On March 18, 2014, the court received Petitioner's objections to the Report and request for a certificate of appealability.

After reviewing the pleadings, file, record in this case, Petitioner's objections, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections, **denies** his Petition for Writ of Habeas Corpus, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 28th day of March, 2014.

                                                      Sam A. Lindsay
                                                      United States District Judge

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**